UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11212

JACQUELINE BRENNER, on behalf of herself :
and all others similarly situated

v.

J. C. PENNEY COMPANY, INC.

FINAL APPROVAL ORDER

October 10, 2013

STEARNS, D.J.

This matter having come before the Court for a Final Approval Hearing on October 9, 2013, pursuant to the Preliminary Approval Order of this Court dated July 9, 2013, on the application of Plaintiff for final approval of the Settlement Agreement executed on or about May 17, 2013, the best practicable notice in the circumstances having been given to the Settlement Class as required by the Preliminary Approval Order, the Settlement Class members having been afforded an adequate opportunity to exclude themselves from the Settlement or to object thereto, and the Court having considered all papers filed, oral arguments presented, and proceedings had herein, and otherwise being fully informed in the premises as to the facts and the law,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of the Action, and

over J.C. Penney Company, Inc. and all members of the Settlement Class.

2. The Court reaffirms the Preliminary Approval Order certifying the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) and finally certifies the Settlement Class defined as: All persons from whom J.C. Penney requested and recorded a ZIP code in conjunction with a credit card purchase transaction in a Massachusetts retail store from March 10, 2009 through July 9, 2013, and for whom J.C. Penney maintains an email address or mailing address. Excluded from the Settlement Class are Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise controls or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.

3. The Court appoints Jacqueline Brenner as Class Representative and D. Greg Blankinship, Todd S. Garber and the law firm of Meiselman, Packman, Nealon, Scialabba & Baker P.C. as Class Counsel, and finally appoints them to such positions.

4. Notice of the proposed Settlement was given to all Settlement Class members by the best means practicable under the circumstances, including direct U.S. Mail to more than 200,000 Settlement Class members and publication of the notice on the internet at brennervjcpzipcodesettlement.com.

The form and method of notifying the Settlement Class of the pendency of the Action and all terms of the proposed Settlement met the requirements of the Preliminary Approval Order, Fed. R. Civ. P. 23, and any other applicable law, and no Class member has objected thereto.

5. The Settlement Agreement was negotiated at arm's length, in good faith, by capable and experienced counsel, with full knowledge of the facts, the law, and the risks inherent in litigating the Action, and with the active involvement of the Parties. The Settlement Agreement is entitled to a presumption of procedural fairness.

6. The Settlement confers economic and non-economic benefits upon the Settlement Class members, is not contrary to the public interest, and will provide the Parties with repose from litigation.

7. Pursuant to Fed. R. Civ. P. 23, the Court finds that the Settlement is fair, reasonable, and adequate, and therefore approves the Settlement and directs that the Settlement be consummated in accordance with the terms of the Settlement Agreement.

8. The Court approves, as fair, reasonable, and adequate, the allocation, i.e., the distribution of benefits to the Settlement Class members and the means used to provide such benefits, as set forth in the Settlement Agreement.

9. The Court has considered Class Counsel's request for an award of

$450,000 in attorneys' fees and $8,802.33 in costs and expenses and the opposition by counsel for J.C. Penney Company to the amount of the attorneys' fees requested (which under the terms of the Settlement Agreement is to be paid by J.C. Penney Company and will not diminish or erode the benefit to the Settlement Class). At this time, the Court awards costs and expenses in the amount of $8,802.33, to which there has been no objection. The Court will defer an award of attorneys' fees until such time as the Court has reviewed the briefing on the issue to be submitted according to the schedule established by the Court at the October 9, 2013 hearing.

10. The Court has considered the request for an incentive award for the Class Representative. The Court finds the requested incentive award to be justified under the facts of this case and the applicable legal authorities, and notes that the requested incentive award will be paid by Defendant and thus will not diminish or erode the benefit to the Settlement Class. Accordingly, the Court approves the proposed incentive award of $5,000 to Plaintiff Class Representative Jacqueline Brenner.

11. The Court notes that there have been no objections to the Settlement.

12. The Court hereby dismisses the Action in its entirety, with prejudice, and without costs, except as otherwise provided in the Settlement Agreement and expressly stated in this Final Approval Order or additional Order of this

Court.

13. As of the effective date of the Settlement Agreement, the releases set forth in the Settlement Agreement shall take effect, subject to the terms thereof.

14. Notwithstanding the entry of Judgment, this Court shall retain exclusive and continuing jurisdiction and exclusive venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Settlement.

15. If the Judgment of this Court does not become Final and Conclusive, this Final Approval Order shall be rendered null and void, and shall be vacated nunc pro tunc.

16. The Parties are hereby authorized, without requiring further approval from the Court, to agree to and adopt amendments and modifications to the Settlement Agreement, in writing and signed by the Parties, that are not inconsistent with this Final Approval Order and that do not limit the rights of the members of the Settlement Class.

       SO ORDERED.

       /s/ Richard G. Stearns

       _____
       UNITED STATES DISTRICT JUDGE